UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNG PHUNG,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID W. JENNINGS, et al.,<br><br>　　　　　　Respondents. | Case No. 23-cv-00253-YGR (PR)<br><br>**ORDER TO SHOW CAUSE** |

**I.   INTRODUCTION**

This suit was reassigned from Magistrate Judge Virginia K. DeMarchi to the undersigned in light of a recent Ninth Circuit decision.[1]  *See* Dkt. 9.

On January 19, 2023, petitioner Chung Phung filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ongoing detention by the United States Immigration and Customs Enforcement ("ICE").  Dkt. 1.  On the same date, the Clerk of the Court sent petitioner a notice that his petition was missing pages, and that he must submit a complete petition in the envelope provided.  Dkt. 2.  The Clerk attached a blank habeas petition form.  *Id.* at 2-11.  On February 1, 2023, petitioner retuned the habeas petition form, and it appears that he attempted to fill it out.  Dkt. 5.  However, it seems that petitioner did not understand how to fill out this form.  *Id.*  For example, he did not fill in the caption.  *Id.* at 1.[2]  Under the section labeled, "First appeal," he put the case number for this action, ("C 23-253 VKD"), and he claims that this "case [was] not yet final."  *Id.* at 2.  Moreover, in response to an inquiry about why he did not file his "third appeal," he writes, "Did not know how to do it."  *Id.* at 4.  In addition, his responses on the proof of service shows a discrepancy between the date he handed it to prison officials for

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by petitioner.

mailing and the date he signed it. *Id.* at 9. Some of his responses in the body of the form could be seen as an effort to provide information from the missing pages of his *first* petition. *Id.* at 1-8. The Court construes his new filing (dkt. 5) as a *supplement* to his original petition (dkt. 1), as opposed to an *amended* petition, and thus the operative petition is the original petition (dkt. 1).

He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Dkt. 9.

## II.  BACKGROUND

It seems that petitioner was born in Vietnam and admitted into the United States on an unstated date. *See* Dkt. 1-2. He is not a citizen of the United States. *Id.* at 5. He claims that on an unstated date, an Immigration Judge ordered him removed from the United States. *Id.* He further claims that on or about "2008-2009," the Board of Immigration Appeals dismissed his appeal because he "lost [his] ap[p]eal paperwork because [he was] transferred to Atascadero State Mental Hospital . . . ." *Id.* at 2, 5.

Petitioner "do[esn't] remember" when he received his "Decision to Continue Detention" from ICE. *Id.* He "has cooperated fully with all of ICE's efforts to remove [him]," but ICE has been unable to remove him and is unlikely to be able to remove him because "Vietnam do[es] not want [him] back in their country." *Id.* He also claims he suffers from a "mental illness." *Id.* at 5.

Petitioner seeks to "appeal [his] case so [he] can get [his] green card."[3] *Id.* And he also requests the Court to "[i]ssue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted," "[g]rant the writ of habeas corpus and order [his] immediate release from custody," and "[g]rant any other further relief as the Court deems just and proper." *Id.* at 3.

## III.  DISCUSSION

### A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[3] Petitioner's supplement to the petition also states that he is seeking a new green card because Vietnam does not want him back, and that his previous green card had been revoked due to a "new charge" out of Orange Court for which he was sentenced in 2021. Dkt. 5 at 2, 6, 8.

§ 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Claims

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Id.* at 687-88, 697-98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699-700.

Petitioner contends that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. Liberally construed, the petition states a cognizable claim for habeas relief under section 2241 based on petitioner's prolonged detention by ICE. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## IV. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve (1) a copy of this Order, and (2) the petition (dkt. 1), the supplement to the petition (dkt. 5) and all attachments thereto on respondents and respondents' attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. Respondents shall file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented

by the petition.

3. If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondents within **sixty (60) days** of his receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date petitioner is served with respondents' Answer.

4. Respondents may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and respondents shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on respondent's counsel all communications with the Court by mailing a true copy of the document to respondent's counsel.

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 5, 2023

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

4